UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| G.Z.T., C.A.G.Z, and NC.G.Z., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | No. 25 C 12802 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| MICHAEL J. SMITH, Warden, Broadview Processing Center; SAMUEL OLSON, Interim Acting Director of Chicago Field Office, U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States, in their official capacities, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

The Court grants Petitioners' petition for writ of habeas corpus [1]. The Court orders Petitioners' immediate release. The Court further orders that Respondents provide Petitioners with a bond hearing within 14 days, at which Respondents will have the burden to show by clear and convincing evidence that Petitioners pose a danger to the community or pose a risk of flight such that detention is necessary. The Court enjoins Respondents from denying them bond on the basis that 8 U.S.C. § 1225(b)(2) applies to them. See Statement.

## STATEMENT

Petitioners G.Z.T, C.A.G.Z, and N.C.G.Z, who are Mexican citizens, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 20, 2025 following their arrest and detention earlier that day by immigration officials in Cicero, Illinois. Respondents have taken the position that Petitioners are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) pursuant to a recently adopted Department of Homeland Security ("DHS") policy, issued on July 8, 2025, which instructs immigration officials to consider anyone inadmissible under § 1182(a)(6)(A)(i) as "applicants for admission." Petitioners claim that they instead are entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and that application of § 1225(b)(2)(A) to them violates the Immigration and Nationality Act ("INA"), that Respondents have deprived them of due process by failing to provide them with a bond redetermination hearing, and that Respondents' position violates the Administrative Procedures Act ("APA"), 5 U.S.C. § 553. Petitioners ask the Court to issue a writ ordering Respondents to release them on their own recognizance or under parole and, in the alternative, to order the immigration court to give Petitioners a bond hearing.

Petitioners entered the United States on or about September 19, 2022. At the time, C.A.G.Z. and N.C.G.Z. were minor children of their mother, G.Z.T. They encountered immigration, expressed their fear of return to Mexico, and were released on recognizance with a notice to appear. The Department of Homeland Security ("DHS") then initiated removal proceedings against Petitioners and G.Z.T.'s spouse/C.A.G.Z. and N.C.G.Z.'s father on a family docket unit. On January 17, 2023, Petitioners filed an I-589 application for asylum and withholding of removal with the Chicago Immigration Court as derivatives of their spouse/father's application. On November 29, 2024, the Chicago Immigration Court administratively closed the removal proceedings against Petitioners. Petitioners have a pending U-Visa application with United States Citizenship and Immigration Services.

On October 12, 2025, N.C.G.Z., who is currently twenty-two years old, gave birth prematurely through an emergency caesarean section at an Advocate Health hospital, immediately after which the child was hospitalized in the neonatal intensive care unit. The child remains hospitalized to this day. The child's biological father is not present in the child's life. On October 20, 2025, eight days after N.C.G.Z. gave birth, immigration officials arrested Petitioners in Cicero, Illinois and transported them to the Broadview Processing Center in Broadview, Illinois. Petitioners represent that they were arrested without a warrant. Petitioners contacted family around 9 p.m. from the Broadview facility, and this petition was filed shortly thereafter, at 9:33 p.m.

The Court held a telephonic hearing with the parties on October 21, 2025, at which the Court orally ordered the immediate release of Petitioners. The Court briefly sets forth its reasoning here.

First, the Court finds that it has jurisdiction over Petitioners' habeas claim because Petitioners challenge the lawfulness of their current detention, not the underlying merits of their immigration status or their arrest. None of the jurisdiction-stripping provisions of § 1252 apply to this case where Petitioners only challenge their allegedly unlawful detention without a bond hearing and not other immigration decisions. *See H.G.V.U. v. Smith*, No. 25 CV 10931, Doc. 34 at 4–6 (N.D. Ill. Oct. 21, 2025) (rejecting Respondents' arguments that § 1252(a)(2)(B)(ii), § 1252(b)(9), or § 1252(g) prevent a district court's ability to consider habeas petitions for detention hearings); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *2–4 (N.D. Ill. Oct. 16, 2025) (same). The Supreme Court has not precluded the Court's review of this decision. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (Section 1252(b)(9) "does not present a jurisdictional bar" where petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (Section 1252(a)(2)(B)(ii) did not apply to challenge to the "extent of the Attorney General's authority under the post-removal-period detention statute," which "is not a matter of discretion"); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders" (internal quotation marks omitted)).

2

Next, while Respondents may argue that Petitioners have not exhausted available administrative remedies, no statutory requirement for exhaustion exists. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004); *H.G.V.U.*, Doc. 34 at 6. Instead, "sound judicial discretion governs" whether exhaustion should be required. *Gonzalez*, 355 F.3d at 1016. The Court may excuse exhaustion where, among other things, "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue." *Id.* (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002). Here, requiring Petitioners to first seek a bond hearing before an immigration judge and then appeal the decision of the immigration judge before the Board of Immigration Appeals ("BIA") would be futile given that Respondents maintain that Petitioners are subject to mandatory detention pursuant to § 1225(b)(2) and that the BIA has taken the position in *Matter of Yajure Hurtado* that, under § 1225(b)(2), immigration courts "lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." 29 I&N Dec. 216, 225 (BIA 2025).

This brings the Court to Petitioners' argument that their detention is governed by § 1226, which provides for discretionary detention of non-citizens "already present in the United States" pending the outcome of their removal proceedings, *Jennings*, 583 U.S. at 303, as opposed to § 1225, which requires mandatory detention for those "seeking admission" into the United Stats, 8 U.S.C. § 1225(b)(2)(A). Those non-citizens already present in the United States may obtain a bond hearing before an immigration judge, at which the non-citizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019). Respondents have recently adopted the position that § 1225(b)(2)(A) applies to all noncitizens present in the United States without admission, even those who have been present in the United States for some time, a position adopted by the BIA in *Matter of Yajure Hurtado*. But, as the overwhelming majority of courts to consider this issue across the country have concluded, this interpretation "(1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Alejandro v. Olson*, No. 1:25-cv-02027, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases); *see also H.G.V.U.*, Doc. 34 at 8–10; *Ochoa Ochoa*, 2025 WL 2938779, at *5–7 & n.8. The Court joins this majority and adopts their reasoning, concluding that § 1225(b)(2)(A) does not apply to non-citizens who are already present in the country, such as Petitioners. Given this, the Court finds that Petitioners are not lawfully detained pursuant to § 1225(b). Instead, § 1226(a) applies to their detention, under which they are entitled to a bond hearing before an immigration judge.

The Court also finds that Petitioners' detention violates due process. The Due Process Clause applies to non-citizens, regardless of whether "their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Because § 1226(a) applies to Petitioners' detention, they are entitled to the process outlined in that statute, in other words, an individualized bond hearing before an immigration judge. *See Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *5 (D.N.M. Sept. 17, 2025). As other courts have found, Petitioners' continuing detention without such a bond hearing amounts to a due process violation. *H.G.V.U.*, Doc. 34 at 10–11 (applying balancing factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), to similar situation to find a violation of due process); *Ochoa Ochoa*, 2025 WL 2938779, at *7 (collecting cases); *Salazar*, 2025 WL 2676729, at *5.

Therefore, the Court finds it appropriate to grant Petitioners' habeas petition. The Court orders Respondents to immediately release Petitioners from custody and to provide them with bond hearings pursuant to § 1226(a) within fourteen days of this order. At that bond hearing, Respondents will have to show by clear and convincing evidence that Petitioners pose a danger to the community or pose a risk of flight such that detention is necessary. *See Salazar*, 2025 WL 2676729, at *8–9 (analyzing when to shift the burden of proof to the government to justify detention and finding it appropriate to do so to remedy the deprivation of petitioner's due process rights in a similar situation); *see also Ochoa v. Ochoa*, 2025 WL 2938779, at *8 (collecting cases). The Court also enjoins Respondents from denying Petitioners bond on the basis that 8 U.S.C. § 1225(b)(2) applies to them.

Date: October 21, 2025                                          /s/ Sara L. Ellis_____